UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE MCCURRY,

           Plaintiff,

- against -

ACCESSORY NETWORK GROUP, LLC,

           Defendant.

**ORDER**

15 Civ. 9779 (PGG) (KNF)

PAUL G. GARDEPHE, U.S.D.J.:

      On March 10, 2016, this Court entered an order of default against Accessory Network Group, LLC, the Defendant in the above-captioned matter. (Dkt. No. 17) The matter was referred to Magistrate Judge Kevin Nathaniel Fox for an inquest into damages. (Id.) On October 5, 2016, Judge Fox issued a report and recommendation ("R & R") (Dkt. No. 27) recommending that Plaintiff Steve McCurry be awarded:

(1) "enhanced" statutory damages of $150,000;

(2) costs of $400; and

(3) $5,823.75 in attorneys' fees.

(Id. at 12) Judge Fox also recommended that post-judgment interest be awarded, to be calculated by the Clerk of Court in accordance with 28 U.S.C. § 1961. (Id.)

      The R & R recites the appropriate deadlines for submission of objections and the consequences for failure to object to the R&R:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Judge Paul G. Gardephe . . . and to the chambers of [Judge Fox] . . . . Any requests for an extension of time for filing objections must be directed to Judge Gardephe.

> ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.***

(Id. (emphasis in original))

To date, no party has filed objections to the R & R. Where, as here, clear notice has been given of the consequences of a failure to object and there are no objections, the Court may adopt the report and recommendation without de novo review. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse a failure to object and conduct de novo review where it appears that the magistrate judge committed plain error, see Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

Although Judge Fox awarded the maximum statutory damages under 17 U.S.C. § 504(c)(2), he appropriately applied the factors a court should consider in setting the amount of statutory damages. (See Dkt. No. 12 at 5-8; see also Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 127 (2d Cir. 2014). Judge Fox drew appropriate inferences from Defendant's failure to appear in this case (Dkt. No. 12 at 5-6), the record supports Judge Fox's finding that the infringement was otherwise "willful" (id. at 7), and Judge Fox considered "plaintiff's actual loss [and] the need to deter ANG and others from violating the copyright law in the future." (Id. at 8) Judge Fox thus did not commit plain error in awarding the maximum allowable statutory damages. Judge Fox also excluded costs not within the scope of 28 U.S.C. § 1920 (id. at 8-9), reduced the amount of his attorney's fee award based on Plaintiff's failure to provide appropriate documentation (id. at 9-11), and allowed for post-judgment interest. (Id. at 11-12) None of these actions constitute plain error.

2

Accordingly, the R & R's recommendations are adopted in their entirety and judgment will be entered against Defendant Accessory Network Group, LLC, as set forth below. The parties' failure to file written objections precludes appellate review of this decision. See United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

## CONCLUSION

Judge Fox's March 10, 2016 R & R (Dkt. No. 27) is adopted by this Court in its entirety. The Clerk is directed to terminate Plaintiff's motion to approve the R & R (Dkt. No. 33) and motion for a conference (Dkt. No. 34). The Clerk of Court is further directed to enter judgment in favor of Plaintiff against Defendant Accessory Network Group, LLC, in accordance with the R & R, and to close this case.

Dated: New York, New York
       August 29, 2019

SO ORDERED.

Paul G. Gardephe
United States District Judge

3